IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DAVID BRUCE SELCRAIG,

    Plaintiff,

v.

HEARST NEWSPAPERS, LLC d/b/a,
San Antonio Express-News, Inc., and
Does 1-22,

    Defendants.

Case No. 5:25-cv-1597

## NOTICE OF REMOVAL

Please take notice that Defendant Hearst Newspapers, LLC ("Hearst"[1]) hereby files this Notice of Removal in the above-captioned action from the District Court for Bexar County, Texas, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. This Court has original jurisdiction over this action because it arises under federal law and because complete diversity exists between the parties and the amount in controversy requirement has been met.

In support of removal to this Court, Hearst respectfully states:

1.    On or about October 8, 2025, plaintiff David Bruce Selcraig ("Plaintiff") commenced this action in the District Court for Bexar County, Texas, assigned as Case No. 2025CI23798.

---

[1] The caption to Plaintiff's Petition lists "Hearst Newspapers, LLC d/b/a San Antonio Express-News, Inc." as the sole named defendant. Defendant Hearst Newspapers, LLC does not do business as the "San Antonio Express-News, Inc." and is not otherwise aware of any such entity.

2. As more fully set forth below, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and this action is removable pursuant to 28 U.S.C. § 1441, because it is a civil action arising under the laws of the United States.

3. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and this action is removable pursuant to 28 U.S.C. § 1441, because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Hearst was served with the Petition in this matter on November 6, 2025. A copy of the Petition, including the certified mail envelope bearing the postmark date of November 4, 2025, is annexed hereto as Exhibit A.

5. In this case, Plaintiff purports to allege claims against Hearst arising under federal law. Specifically, according to the Petition, Plaintiff was employed by Hearst until October 12, 2022. (Pet. ¶¶ 2, 7, 20.) The Petition alleges that Hearst retaliated against Plaintiff in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 215(a)(3), from 2016 to October 12, 2022. (Pet. ¶¶ 16-20.)

6. Removal is also proper because diversity of citizenship exists between Plaintiff and Defendant. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation shall be deemed to be a citizen of any state where it has been incorporated and of the state where it has its principal place of business.

7. The Petition alleges that Plaintiff is a resident of Texas. (Pet. ¶ 5.) On information and belief, Plaintiff is a citizen of Texas.

8. Defendant Hearst is, and at the time of the institution of the state court action was, a limited liability company.

9. The members of Hearst are four corporate entities, each of which is incorporated in Delaware, and each of which has a principal place of business in New York. Accordingly, for purposes of 28 U.S.C. § 1332(c)(1), Hearst is deemed to be a citizen of Delaware and New York and is not deemed to be a citizen of Texas. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

10. The amount in controversy requirement is satisfied. Plaintiff seeks an unspecified amount of damages, including compensatory damages, punitive damages, and attorneys' fees and costs.

11. Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

12. Hearst's Notice of Removal has been filed in accordance with the thirty-day requirement of 28 U.S.C. § 1446(b).

13. This case is being removed less than one year after commencement of the action in state court.

14. Pursuant to 28 U.S.C. § 1446(a), "all process, pleadings, and orders served upon" Hearst are attached hereto as Exhibit A. A copy of the state court docket is attached hereto as Exhibit B.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and a copy is being filed with the Clerk of the District Court of Bexar County, Texas.

WHEREFORE, Hearst respectfully removes this action to the United States District Court for the Western District of Texas for further proceedings pursuant to this Notice.

If any questions arise as to the propriety of the removal of this action, Hearst respectfully requests the opportunity to present additional evidence, a memorandum, and oral argument.

Dated:  December 1, 2025

    Respectfully submitted,

By: */s/ Jonathan R. Donnellan*
Jonathan R. Donnellan (State Bar No. 24063660)
Office of General Counsel
The Hearst Corporation
300 West 57th Street
New York, NY 10019
Telephone: 212-841-7000
Facsimile: 212-554-7000
jdonnellan@hearst.com

*Attorneys for Defendant Hearst Newspapers, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via U.S. First Class Mail, postage prepaid, and email, on the 1st day of December, 2025 to:

David Bruce Selcraig
825 West Mistletoe Ave.
San Antonio, TX 78212
selcraig@swbell.net

                                              */s/ Jonathan R. Donnellan*
                                              Jonathan R. Donnellan