Case No. 5:25-cv-1597

# Exhibit A



CT Corporation  
Service of Process Notification  
11/06/2025  
CT Log Number 550579299

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Meghan Locker, Litigation Specialist<br>The Hearst Corporation<br>300 W 57th St Fl 40<br>New York, NY 10019-3741 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Hearst Newspapers, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | David Bruce Selcraig vs. Hearst Newspapers, LLC |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 45th Judicial District Court Bexar County, TX<br>Case # 2025CI23798 |
| **NATURE OF ACTION:** | Violation of The Fair Labor Standards Act |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 11/06/2025 postmarked on 11/04/2025 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | David Bruce Selcraig<br>825 W Mistletoe AVE<br>San Antonio, TX 78212<br>512-636-8535 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780112235058<br><br>Image SOP<br><br>Email Notification,  Jonathan Donnellan  jdonnellan@hearst.com<br><br>Email Notification,  Eva Saketkoo  esaketkoo@hearst.com<br><br>Email Notification,  Ravi Sitwala  rsitwala@hearst.com<br><br>Email Notification,  Catherine Bostron  cbostron@hearst.com<br><br>Email Notification,  Stephen Yuhan  SYUHAN@HEARST.COM<br><br>Email Notification,  Meghan Locker  mlocker@hearst.com<br><br>Email Notification,  Kate Mayer  kmayer@hearst.com<br><br>Email Notification,  Diego Ibarguen  dibarguen@hearst.com<br><br>Email Notification,  Sarah Park  sarah.park@hearst.com |



**CT Corporation**
**Service of Process Notification**
11/06/2025
CT Log Number 550579299

| | |
|---|---|
| Email Notification, | Nathaniel Boyer  nathaniel.boyer@hearst.com |
| Email Notification, | Matthew Greenfield  matthew.greenfield@hearst.com |
| Email Notification, | Nina Shah  nina.shah@hearst.com |
| Email Notification, | Kristen Hauser  khauser@hearst.com |
| Email Notification, | Andrea Butler  abutler@hearst.com |
| Email Notification, | Eva Youel Page  eva.youelpage@hearst.com |

**REGISTERED AGENT CONTACT:** C T Corporation System
1999 Bryan Street
Suite 900
Dallas, TX 75201
877-564-7529
MajorAccountTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Gloria A. Martinez
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, TX 78205

*RETURN SERVICE REQUESTED*





9589 0710 5270 1178 0724 21



ZIP 78204  $ 010.73⁰
02 4W
0000387844 NOV 04 2025

HEARST NEWSPAPERS, LLC
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS, TX 75201-3140
PATRICK GORDON CITATION CERTIFIED MAIL 2025CI23798

7520184284 0080

CERTIFIED MAIL 9589 0710 5270 1178 0724 21

**Case Number: 2025CI23798**

**David Bruce Selcraig VS Hearst Newspapers, LLC ET AL**
(Note: Attached Document May Contain Additional Litigants.)

IN THE 45th District Court
BEXAR COUNTY, TEXAS

## CITATION

**"THE STATE OF TEXAS"**
**DIRECTED TO:** Hearst Newspapers, LLC
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 Bryan St Ste 900
Dallas TX 75201-3140

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this Citation and Petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said **PETITION** was filed **on this the 8th day of October, 2025.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT **3RD DAY OF NOVEMBER, 2025.**

**David Bruce Selcraig**
**ATTORNEY FOR PLAINTIFF**
825 W Mistletoe AVE
San Antonio TX 78212-3339



**Gloria A. Martinez**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205
By: /s/ *Patrick Gordon*
**Patrick Gordon, Deputy**

---

| David Bruce Selcraig VS Hearst Newspapers, LLC ET AL | Officer's Return | Case Number: 2025CI23798 |
|---|---|---|
| | | Court: 45th District Court |

Came to hand on the 3rd day of November, 2025, at 2:38 PM and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, 20_____, by delivering to:
_____ at 1999 Bryan St Ste 900, Dallas TX  75201-3140 a true copy of this CITATION, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with PETITION.
Cause of failure to execute this is

_____.



**Gloria A. Martinez**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: /s/ *Patrick Gordon*
**Patrick Gordon, Deputy**

pXXX

2025CI23798
Judge: 45th. District Court

David Bruce Selcraig, Plaintiff

v.

Hearst Newspapers, LLC d/b/a

San Antonio Express-News, Inc.,

And Does 1-22, Defendants.

FILED
DISTRICT CLERK
BEXAR CO. TEXAS

2025 OCT -8 AM 10: 16

DEPUTY

BY Lillian Villasqz

## I. INTRODUCTION

1. This case is brought under the Fair Labor Standards Act, 29 U.S.C § 201, et seq. ("FLSA"), based on Defendant's prolonged and continuous retaliation against Plaintiff after Plaintiff engaged in protected activity, thereby violating 29 U.S.C. § 215(a)(3).

2. Plaintiff David Bruce Selcraig ("Plaintiff or Mr. Selcraig"), age 70, is a Pulitzer Prize-nominated journalist of some 51 years and a former U.S. Senate investigator, and was hired by Defendant Hearst Newspapers, LLC d/b/a San Antonio Express-News ("Defendant or Hearst") in June 2015. As a senior reporter tasked with "investigative reporting projects and long-form journalism," Mr. Selcraig was told by Hearst management that he would be the most experienced and highest-paid reporter on the staff.

3. In late 2015, Mr. Selcraig complained verbally to Express-News Investigations Editor David Sheppard about Hearst's wage payment practices, specifically how Hearst's overtime policies failed to properly pay employees time-and-a-half wages and violated federal law. Defendant Sheppard said to Mr. Selcraig that if he didn't comply with the company overtime policy his life would be "made miserable." Following Mr. Selcraig's complaint, Hearst began a sustained, enduring campaign of retaliation against Mr. Selcraig, culminating in the termination of his employment in October 2022 for the blatantly pretextual reason of "insubordination," delivered by Express-News Publisher Mark Medici.

4. Mr. Selcraig has lost his livelihood, friends, and his reputation has been damaged by Defendant's unlawful retaliation.

DOCUMENT SCANNED AS FILED

1

## II. PARTIES

5. Plaintiff David Bruce Selcraig is a resident of Bexar County, San Antonio, Texas.

6. Upon information and belief, Defendant Hearst Newspapers LLC d/b/a San Antonio Express-News is a limited liability corporation, organized under the laws of the State of Delaware and operating in Bexar County, San Antonio, Texas, with offices at 420 Broadway, Suite 200, San Antonio, TX 78205.

7. Among numerous other publications throughout the United States, Defendant publishes a daily newspaper, the San Antonio Express-News, which is distributed in paper form and online within and outside the state of Texas.

8. Hearst Newspapers, LLC is engaged in interstate commerce and is doing business in the State of Texas and Bexar County. Hearst is part of a larger global media company based at Hearst Tower, 300 W 57th St, New York, NY 10019.

7. Defendant Hearst is an employer as defined by the FLSA and employed Mr. Selcraig between 2015 and 2022.

8. Does 1-22 are parent or affiliated entities to Defendant Hearst and/or owners, managers, decisionmakers of Defendant Hearst and/or its parent or affiliated entities. At present, Plaintiff is unaware of the identities and capacities of said entities and/or owners, managers, decisionmakers and expects their identities will become known via discovery in this matter. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

## III. JURISDICTION/VENUE

9. This is a civil action brought under and pursuant to the Fair Labor Standards Act and this Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b).

10. The monetary relief which Plaintiff seeks is in excess of the jurisdictional minimum required by this Court and will be established according to proof at trial.

11. Venue is proper in this Court because both Plaintiff and Defendant are residents of Bexar County, Texas.

2

## IV. STATEMENT OF FACTS

12. Plaintiff is a Pulitzer Prize-nominated journalist of some 51 years, a former college professor, author of at least 1,500 newspaper and magazine articles and a former U.S. Senate investigator.

13. Plaintiff was hired in June 2015, as a senior reporter tasked with "investigative reporting projects and long-form journalism" and was told by Hearst management that he would be the most experienced and highest-paid reporter on the staff and a "mentor" to younger journalists.

14. In or around September 2015, Plaintiff advised Investigations Editor David Sheppard that he had not been properly compensated for an overtime assignment, in violation of federal law.

15. Shortly thereafter, in early January 2016, Plaintiff was demoted to an entry-level "general assignment" reporter without any credible explanation or justification.

16. After his complaint regarding Defendant's wage practices was ignored and he was demoted, Plaintiff filed a written complaint with the San Antonio office of the U.S. Department of Labor ("DOL"). After investigating Plaintiff's complaint, the Department of Labor found that Hearst had violated federal wage laws and Hearst employees were due back pay.

17. After the DOL investigation, Defendant and its agents and employees engaged in a six-year campaign of harassment and retaliation against Plaintiff. By way of example only and in no way exhaustively, Defendants' retaliatory acts included a punitive 4 a.m. assignment, targeting him with false disciplinary reports, the unexplained "killing" of several of Plaintiff's stories by Defendant Sheppard (though no longer Plaintiff's editor), and a public shunning of Plaintiff within the newsroom by two editors (Sheppard and Leary), who never communicated again with Selcraig in any way after the 2016 demotion.

18. On September 30, 2022, Plaintiff sent a letter, via email, to Hearst CEO Steven Swartz and Hearst Human Resources Department (New York) detailing numerous acts of retaliation by Defendant. Plaintiff requested that an independent person familiar with best practices within the industry be tasked with investigating the Express-News' culture and violations of the law. Plaintiff never received a response.

19. Plaintiff's colleagues were well aware of the retaliatory acts within the newsroom, and one senior reporter remarked to Selcraig, "Sunshine, they're trying to run you off." Another reporter in the business section canceled a planned breakfast with Selcraig, explaining, "I'm so sorry, but it's about self-preservation."

3

20. The final act of retaliation occurred on October 12, 2022, when Defendant unlawfully fired Plaintiff based on a pretextual allegation of insubordination.

21. A direct causal connection exists between Plaintiff's 2016 DOL complaint, Plaintiff's September 2022 letter to Hearst executives, and Defendant's numerous retaliatory acts, thereby constituting a continuing violation of Section 215(a)(3) of the FLSA.

22. Defendant's retaliatory and harassing acts caused extensive emotional stress and damaged the plaintiff's health, harmed his professional reputation and ostracized him from many of his co-workers.

COUNT I

Retaliation in Violation of The Fair Labor Standards Act (29 U.S.C. § 215(a)(3)

23. Section 215(a)(3) of the FLSA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

24. Defendant's conduct as set forth above, in harassing and retaliating against Plaintiff following the filing of his complaint with the DOL and with Hearst executives, constitutes an unlawful and willful business practice.

25. Defendant's course of conduct following Plaintiff's DOL complaint constitutes a continuing violation of the FLSA over a six-year period, culminating in the unlawful termination of Plaintiff's employment for a pretextual reason.

26. Plaintiff has lost his livelihood, personal relationships, and his reputation has been damaged, thus causing Plaintiff to lose money and suffer extreme emotional distress and damage to his health, as a direct and proximate result of these unlawful and unfair business practices.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on its claims.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Declare and find that the Defendant willfully violated the Fair Labor Standards Act, 29 U.S.C. §201, et seq.;

b. Award compensatory damages in an amount according to proof;

c. Award punitive damages in an amount determined appropriate by a jury;

c. Award injunctive and declaratory relief in the form of an order directing Defendant to comply with the Fair Labor Standards Act;

d. Award all costs and attorney's fees incurred prosecuting this claim;

e. Award interest and costs;

f. Award any such other relief as in law or equity may pertain.

*/s/ Bruce Selcraig*

David Bruce Selcraig
825 West Mistletoe Ave.
San Antonio, TX 78212
512-636-8535
selcraig@swbell.net

5