IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID BRUCE SELCRAIG, *Plaintiff,* vs. HEARST NEWSPAPERS, LLC, D/B/A, SAN ANTONIO EXPRESS-NEWS, INC., AND DOES 1-22; *Defendant.* | § § § § § § § § § § § | 5:25-CV-01597-OLG-RBF |

**ORDER STAYING CASE**

Before the Court is Defendant Hearst Newspapers, LLC's Motion to Dismiss, *see* Dkt. No. 6, as well as the status of the case. The District Judge referred pretrial matters for resolution, pursuant to Rule CV-72 and Appendix C to the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. No. 5. Authority to enter this Order stems from 28 U.S.C. § 636(b)(1)(A).

Defendant Hearst Newspapers, LLC removed the case from Bexar County District Court on December 1, 2025. *See* Dkt. No. 1. Hearst then filed a Motion to Dismiss on January 7, 2026. *See* Dkt. No. 6. The Court on May 12, 2026, held an Initial Pretrial Conference where Plaintiff David Bruce Selcraig appeared pro se, and Hearst appeared through counsel of record. *See* Dkt. No. 15. At the conference, the Court inquired as to whether Selcraig wished to amend the complaint. The Court advised that within seven days from the date of the May 12 conference, Selcraig should inform the Court as to whether he would like to file an amended complaint. The Court further stated that if Selcraig declined to file a Motion for Leave to File an Amended Complaint, informed the Court that he did not wish to amend his pleading, or failed to file a Motion for Leave within the seven-day deadline, the Court would then take up the pending Motion to

Dismiss without affording further opportunity to amend. *See* Dkt. No. 6. Since the May 12 conference, Selcraig hasn't requested leave to file an amended complaint or otherwise indicated that he wishes to amend the complaint. The Motion to Dismiss, *see* Dkt. No. 6, is therefore ripe for resolution, and the Court may rule on it without affording Selcraig an additional opportunity to amend the complaint.

At the conference, the Parties also requested that the case be stayed pending disposition of the Motion to Dismiss. Accordingly, and as stated on the record at the May 12, 2026, conference,

**IT IS THEREFORE ORDERED THAT** all proceedings in this case are **STAYED** pending further order of the Court. Moreover, given the anticipated length of the stay, the Court concludes that this case is appropriate for administrative closure. *See CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250 (5th Cir. 2006); *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) (explaining how courts use this device to remove inactive cases from their pending dockets and "[t]he effect of an administrative closure is no different from a simple stay").

The Clerk's office is therefore **DIRECTED** to administratively close this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request by any party or on the Court's own motion. *See Mire*, 389 F.3d at 167. In addition, the parties may file documents and motions in the case despite the administrative closure.

**IT IS SO ORDERED**.

**SIGNED** this 20th day of May, 2026.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE